# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

SEAN NABORS MANN                                                    PLAINTIFF

v.                                             CIVIL ACTION NO. 5:19-CV-P21-TBR

STEVE WILLIAMS *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and allow Plaintiff the opportunity to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff Sean Nabors Mann is a convicted prisoner incarcerated at the Fulton County Detention Center (FCDC). He names as Defendants FCDC Jailer Steve Williams, FCDC Assistant Jailer Jeff Johnson, FCDC Deputy Elizabeth Easley, Dr. Chris Weatherspoon, and "Nurse Reginia." Plaintiff sues these Defendants in their official capacities only.

Plaintiff alleges that "his life has been put in jeopardy due to improper procedure in treatment of diabetics and improper handling of diabetic insulin, including untrained officers checking sugar levels and distributing insulin and not meeting nutritional needs and the required calorie intake to meet diabetic needs." He further states that "by allowing improper procedure, [Defendants] have put Plaintiff's life and health in jeopardy."

Plaintiff specifically alleges that Defendant Jailer Williams has failed to provide proper training to his officers in regard to the proper treatment of diabetics and handling of diabetic insulin. He also alleges that Defendant Dr. Weatherspoon has refused to see Plaintiff regarding "proper treatment and the handling of diabetic insulin," even though Plaintiff has followed

proper procedure and submitted medial requests to see him. Plaintiff states that "according to jail staff [Dr.] Weatherspoon is responsible for medical decisions and diabetic procedure."

Plaintiff also alleges that on December 3, 2018, he requested to speak to "whoever was over medical the way blood sugar is checked and insulin is given out." Plaintiff states that Defendant Deputy Easley answered as follows: "The deputies is to check your blood sugar before the nurse gets here in the morning so all the nurse has to do is give your insulin. . . . The nurse checks your blood if the deputy did not check it." Plaintiff then states that it is sometimes deputies who actually "give out" insulin. Plaintiff claims that "by being the Deputy over medical and ignoring Plaintiff's request and grievances, [Defendant] Easley is putting Plaintiff's life and health at risk."

Plaintiff states that the "procedure for checking diabetics sugar levels is officer come (not nurse) at 4 am to check sugar level. Then we're fed breakfast between 5:00 am and 5:30 am. Insulin is not brought until between 6 am to 7 am. A diabetic is suppose to receive insulin before they eat, not after."

Plaintiff also claims that Defendant "'Nurse Reginia' has drawn up wrong insulin and given it to Plaintiff and put Plaintiff's life at risk (she drew up fast acting insulin instead of the 70/30 that Plaintiff required)."

Plaintiff also states that, on more than occasion, he has knocked on his window due to low blood sugar and been told that someone would check his blood sugar or notify the nurse, but "nobody came."

Finally, Plaintiff alleges that Defendant Jailer Williams has ignored grievances and grievance appeals filed by Plaintiff "in regards to medical and diabetic procedure." Plaintiff also alleges that Defendant Deputy Johnson has failed to follow the jail's grievance procedure "by not

submitting 'all' grievance appeal to Head Jailer." Finally, Plaintiff states that when he files grievances regarding the procedures FCDC follows to treat diabetics, "the medical staff says it policy of the jail, and officers of jail says Plaintiff needs to address medical. Everybody keeps pointing fingers at each other."

As relief for these alleged violations of his constitutional rights, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this

standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. GRIEVANCE PROCEDURE CLAIMS

Plaintiff makes several allegations regarding certain Defendants' actions and FCDC's grievance procedure. Prisoners do not possess a constitutional right to an effective grievance procedure. *See, e.g.*, *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002). In addition, if the prison provides a grievance process, violations of its procedures or its

4

ineffectiveness do not rise to the level of a federal constitutional right. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (stating that "there is no inherent constitutional right to an effective prison grievance procedure") (citing cases); *LaFlame v. Montgomery Cty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right to an effective prison grievance procedure").

By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (defendants "cannot be subject to § 1983 liability simply because they have denied [plaintiff's] administrative grievances or failed to act based upon information contained in his grievances.").

In light of this jurisprudence, the Court will dismiss Plaintiff's claims based upon Defendants' actions with regard to FCDC's grievance procedure for failure to state a claim upon which relief may be granted. In addition, the Court will terminate Defendant Deputy Johnson as party to this action since Plaintiff's only allegations him against are related to the grievance process.

### B. MEDICAL TREATMENT CLAIMS

Upon consideration of the allegations set forth in the complaint, the Court will allow Eighth Amendment claims for deliberate indifference to a serious medical need to proceed against Defendants Jailer Williams, Deputy Easley, Dr. Weatherspoon, and "Nurse Reginia" in their official capacities. It appears that Plaintiff has also stated Eighth Amendment claims against these Defendants in their individual capacities. Thus, the Court will allow Plaintiff to amend his complaint to clarify that he is suing these Defendants in their **individual capacities** as well as their official capacities. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims related to the grievance process are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Clerk of Court is **DIRECTED** to terminate Defendant Deputy Johnson as a party to this action.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may amend the complaint to indicate that he is suing Defendants Jailer Williams, Deputy Easley, Dr. Weatherspoon, and "Nurse Reginia" in their individual capacities**.

The **Clerk of Court** is **DIRECTED** to send a copy of page one and two of a 42 U.S.C. § 1983 complaint form with the case number and the word "amended" written in the caption to Plaintiff for his completion should he desire to amend the complaint to sue the above-named Defendants in their individual capacities.

If Plaintiff does not file an amended complaint indicating that he is suing these Defendants in their individual capacities within the time allotted, the Court will enter a Service and Scheduling Order to govern the official-capacity claims that are continuing against these Defendants.

Date: May 14, 2019

                                                  **Thomas B. Russell, Senior Judge**
                                                  **United States District Court**

cc:      Plaintiff, *pro se*
          Defendants
          Fulton County Attorney
4413.011